UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/28/2016

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND APPRENTCESHIP,
JOURNEYMAN            RETRAINING,
EDUCATIONAL AND INDUSTRY FUND;
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY
FUND; THE NEW YORK CITY AND
VICINITY    CARPTENERS    LABOR-
MANAGEMENT CORPORATION; and THE
NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS,

            Petitioners,

        v.

JESSICA ROSE ENTERPRISES CORP.,

           Respondent.

No. 15-CV-9040 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Petitioners seek confirmation of an arbitration award entered against Respondent Jessica

Rose Enterprises, Corp. Respondent has not opposed the petition. For the reasons set forth below,

the petition is granted.

## BACKGROUND[1]

There are four Petitioners in this action. First are the trustees of the New York City District

Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship,

Journeyman Retraining, Educational, and Industry Fund (the "ERISA Funds"), a group of

---

[1] These facts are drawn from the Petition ("Pet."); the Independent Building Construction Agreement (the
"CBA"), Pet. Ex. A; and the Opinion and Default Award of Arbitrator (the "Award"), Pet. Ex. D.

employee benefit plans subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). Pet. ¶ 4. Second are the trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund"), a charitable organization established under Section 501(c)(3) of the Internal Revenue Code. Pet. ¶ 5. Collectively, the ERISA Funds and the Charity Fund are referred to as the "Funds." Third is the New York City District Council of Carpenters ("the Union"), a labor organization that represents employees in an industry affecting commerce within the meaning of Section 501 of the Labor Management Relations Act ("LMRA"). Pet. ¶ 6. Fourth is the New York City and Vicinity Carpenters Labor-Management Corporation, a New York not-for-profit corporation. Pet. ¶ 7. Respondent is a corporation incorporated under the laws of New York. Pet. ¶ 8.

On or about October 7, 2011, Respondent entered into a collective bargaining agreement (the "CBA") with the Union. Pet. ¶ 1. The CBA requires Respondent to make contributions to certain fringe benefit funds on behalf of all its employees within the trade and geographical jurisdiction of the Union. *See* Pet. ¶ 12; Pet. Ex. A ("CBA") art. XV, § 1; Award at 2.[2] The CBA further requires Respondent to make its books and records available for audit. *See* CBA art. XV, § 1. The CBA provides that either party may seek to arbitrate disputes or disagreements concerning payments to the Funds before an impartial arbitrator. *See* CBA art. XV, § 7.

Pursuant to the CBA, Petitioners conducted an audit of Respondent's books and records for the period October 31, 2011 through April 13, 2013. Pet. ¶ 18. The audit revealed delinquencies in principal payments of $40,023.42, which Petitioners then demanded. Pet. ¶ 18. Respondent did not pay the overdue amounts uncovered in the audit. Pet. ¶ 18.

---

[2] In general, these employees may be characterized as carpenters in the New York City region. *See* CBA art. II (defining the trade of employees covered by the CBA); CBA art. VIII (defining the geographical jurisdiction of employees covered by the CBA).

2

Petitioners then initiated arbitration proceedings. Pet. ¶ 19.  On September 5, 2015, the arbitrator issued an award in favor of Petitioners (the "Award"). Pet. ¶ 20.  The arbitrator found that Respondent owed $59,346.07 in delinquent principal payments, interest, liquidated damages, as well as fees and costs, and ordered Respondent to pay this amount forthwith. Pet. ¶ 21; Award at 3–4.  Respondent did not comply with the Award. Pet. ¶ 23.

On November 17, 2015, Petitioners brought this petition, seeking an order confirming the award and granting judgment in the amount of $59,346.07 plus interest, attorney's fees, and costs. Pet. at 7.  The Court directed Respondent to file any opposition by January 7, 2016.  Dkt. 7. Respondent has not submitted any response to the petition.

## STANDARD OF REVIEW

"[A]rbitration awards are not self-enforcing"; instead, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alteration and quotation marks omitted).  Under the Federal Arbitration Act, any party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court must grant unless the award is vacated, modified, or corrected.  9 U.S.C. § 9.  In most cases, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d 95, 110 (2d Cir. 2006) (quotation marks omitted).

"The role of a district court in reviewing an arbitration award is 'narrowly limited' and 'arbitration panel determinations are generally accorded great deference under the Federal Arbitration Act.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103 (2d Cir. 2013) (alteration omitted) (quoting *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir. 1997)).  This deference promotes the "twin goals of arbitration, namely, settling

3

disputes efficiently and avoiding long and expensive litigation." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71–72 (2d Cir. 2012) (quoting *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008)). Thus, "there is no general requirement that arbitrators explain the reasons for their award, and . . . an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quotation marks omitted).

"[A] district court should treat an unanswered . . . petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair*, 462 F.3d at 110. Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The same standard applies to unopposed motions for summary judgment." *Trs. for the Mason Tenders Dist. Council Welfare Fund v. TNS Mgmt. Servs., Inc*, No. 16-CV-1120 (AJN), 2016 WL 6208559, at \*2 (S.D.N.Y. Oct. 20, 2016). Thus, even "where the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)); *see also Trs. of the Mason Tenders Dist. Council Welfare Fund v. Sukhmany Constr., Inc.*, No. 15-CV-7200 (PAE), 2016 WL 3659925, at \*3 (S.D.N.Y. July 1, 2016).

4

## DISCUSSION

Petitioners argue that they are entitled to confirmation of the arbitration award, pre-judgment interest, attorney's fees, and costs. The Court agrees.

### A. Confirmation of the Arbitration Award

On the basis of Petitioners' submissions, the Court finds that summary judgment is appropriate, as Petitioners have demonstrated that there is no material issue of fact in dispute. Petitioners are therefore entitled to confirmation of the arbitration award.

First, Petitioners have presented undisputed evidence that arbitration was appropriate in this case. Article XV, Section 7 of the CBA provides, in relevant part:

> Should any dispute or disagreement arise between the parties hereto, or between the Union and any Employer-member signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator . . . .

CBA art. XV, § 7. The dispute here arose between the parties as to Respondent's alleged failure to remit principal and interest payments to the Funds. *See* Pet. ¶ 18; Award at 2. This dispute is plainly within the scope of the CBA's arbitration provision. *See* CBA art. XV, § 7.

Second, there is no dispute that the arbitrator acted within the scope of his authority. Article XV, Section 7 of the CBA provides that the arbitrator "shall have full and complete authority to decide any and all issues" raised by a party in a notice of intent to arbitrate and "to fashion an appropriate remedy including, but not limited to, monetary damages." CBA art. XV, § 7. Article XV, Section 6(b) further explains that, in the event that arbitration proceedings are instituted to collect delinquent fund contributions, the arbitrator "shall be empowered" to award "interest, liquidated damages, and/or costs." CBA art. XV, § 6(b). Petitioners have submitted undisputed evidence, including a notice of the arbitration hearing and the Award itself, demonstrating that the arbitrator complied with the CBA by limiting his review to the issues raised by Petitioners—

5

namely, Respondent's delinquent payments to the fringe benefit funds. *See* Pet. Ex. B (notice of hearing); Award at 3–4. Petitioners have also submitted undisputed evidence, including the CBA and the Award, that the arbitrator's remedy was appropriate, for monetary damages, interest, fees, and costs are specifically identified as forms of relief available under the CBA. *See* CBA art. XV, §§ 6, 7; Award at 2–3. The undisputed evidence thus establishes that the arbitrator did not exceed the scope of his authority in rendering the Award. *See, e.g.*, *Sukhmany Constr.*, No. 15-CV-7200 (PAE), 2016 WL 3659925, at \*3 (granting an unopposed petition to confirm an arbitration award after determining that "[t]he arbitrator acted within the scope of the authority granted him by the parties").

Third, the amount Respondent owes is also not disputed. The Award explains that the arbitrator received into evidence a summary report of Petitioners' audit and testimony from Petitioners' auditor, which detail each of Respondent's delinquencies and set forth the auditor's accounting method. *See* Award at 2. After reviewing this evidence, the arbitrator concluded that Respondent's delinquency totaled $53,614.60. *See* Award at 2. No evidence suggests that this amount is incorrect. Nor is there any evidence suggesting that the auditor's accounting methods are not sound. *See, e.g.*, *TNS*, No. 16-CV-1120 (AJN), 2016 WL 6208559, at \*3 (granting an unopposed petition to confirm an arbitration award after determining that "[t]he amount that [the respondent] owes is also undisputed").

In light of the evidence submitted, Petitioners have met their burden of "demonstrating that no material fact remains for trial." *D.H. Blair*, 462 F. at 110. Accordingly, the Court confirms the Award in favor of Petitioners.

### B. Pre-judgment Interest

Petitioners request "interest from the date of the Award through the date of judgment." Pet. at 7. The decision to "grant prejudgment interest in arbitration confirmations is left to the

6

discretion of the district court." *Ceona PTE Ltd. v. Bmt Giant, S.A. de C.V.*, No. 16-CV-4437 (WHP), 2016 WL 6094126, at \*2 (S.D.N.Y. Oct. 19, 2016) (quotation marks omitted). The Second Circuit has, however, adopted a "presumption in favor of pre-judgment interest." *Waterside Ocean Navigant Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984). "The common practice among courts within the Second Circuit is to grant interest at a rate of nine percent, the rate of pre-judgment interest under New York State law." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06-CVCV-5106 (JFK), 2007 WL 1149122, at \*3 (S.D.N.Y. Apr. 16, 2007) (quotation marks omitted); *see* N.Y. C.P.L.R. § 5004. In this case, the Court finds no basis to depart from this "common practice" of awarding pre-judgment interest. Accordingly, the Court grants Petitioners' request for pre-judgment interest, at a rate of nine percent per annum, from the date of the Award through the date of judgment in this action.[3]

### C. Attorney's Fees

Finally, Petitioners seek attorney's fees and costs incurred in bringing this petition. Pet. at 7. "Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority," and the Federal Arbitration Act does not provide for attorney's fees in actions to confirm arbitration awards. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Mountaintop Cabinet Mfr. Corp.*, No. 11-CV-8075 (JMF), 2012 WL 3756279, at \*5 (S.D.N.Y. Aug. 29, 2012) (collecting cases).[4] However, "[u]nder its inherent powers to supervise and control

---

[3] Petitioners have not requested post-judgment interest under 28 U.S.C. § 1961, which provides that "[i]nterest may be allowed on any money judgment in a civil case recovered in a district court." *Id.*; *see also Trs. for Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc.*, No. 15-CV-6628 (GHW), 2016 WL 67730, at \*2 (S.D.N.Y. Jan. 5, 2016).

[4] Petitioners argue that Section 502(g) of ERISA, 29 U.S.C. § 1132(g), provides statutory authority for an award of attorney's fees in this action. *See* Pet'rs.' Mem. of L. in Supp. of Pet. (Dkt. 5) at 5–6. Section 502(g) provides that plan beneficiaries may recover reasonable attorney's fees and costs in successful actions to recover delinquent contributions. *See* U.S.C. § 1132(g)(2)(D). As Judge Furman explained in *Mountaintop Cabinet*, however, this ERISA provision "does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm an arbitration award." No. 11-CV-8075 (JMF), 2012 WL 3756279, at \*4. In any event, because the Court in this case awards Petitioners attorney's fees and costs pursuant to its inherent equitable

7

its own proceedings, a district court has the authority to award attorney's fees to the prevailing party when the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of a petition to confirm an arbitration award, an award of attorney's fees is permissible where "the party challenging the award has refuse[d] to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Enrol. Union, Local 228*, 118 F.3d 893, 898 (2d Cir. 2007); *see also, e.g., Ceona*, No. 16-CV-4437 (WHP), 2016 WL 6094126, at *3 (awarding attorney's fees and costs to petitioner seeking confirmation of an arbitration award where the respondent "failed to satisfy the Final Award, and has not responded to [the petitioner's] petition in this action"); *Herrenknecht*, No. 06-CV-5106 (JFK), 2007 WL 1149122, at *4 (awarding attorney's fees and costs to petitioner in unopposed petition to confirm arbitration award, where respondent "offered no justification for refusing to comply with the decision of the arbitrator").

Here, Respondent has not complied with the Award, nor offered any justification for its failure to do so. Accordingly, Petitioners are entitled to reasonable attorney's fees and costs in bringing this action. *See First Nat'l Supermarkets*, 118 F.3d at 898; *Ceona PTE*, No. 16-CV-4437 (WHP), 2016 WL 6094126, at *3.

The Court finds that the amount of fees and costs requested by Petitioners is reasonable. Counsel for Petitioners submitted contemporaneous time records, reflecting all time spent and all activities performed in their prosecution of this action. Pet. ¶ 21; Pet. Ex. E. In total, counsel

---

powers, it is not necessary to decide whether ERISA authorizes the award of fees and costs in actions brought to confirm arbitration awards.

billed $1,440.00 for their work in this action, reflecting 6.4 hours of work.  Pet. ¶ 31.  Counsel billed the time of an associate attorney, who graduated from law school in 2014, at a rate of $225 per hour and legal assistants' time at a rate of $100 per hour.  Pet. ¶¶ 28-29.  These rates fall well within the range typically charged in similar actions in this jurisdiction.  *See, e.g., Mountaintop Cabinet*, No. 11-CV-8075 (JMF), 2012 WL 3756279, at *5 (awarding attorney's fees in petition to confirm arbitration award in the ERISA context at $200 per hour for a junior associate and $90 per hour for legal assistants); *N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (awarding attorney's fees in ERISA action at $300 per hour for associates and $150 per hour for paralegals).  The costs requested are also reasonable: counsel seeks reimbursement for $70 in service fees and $400 in court filing fees, both of which are standard costs paid in actions brought in this Court.  Pet. ¶ 32; Pet. Ex. E.  Accordingly, Petitioners are entitled recover $1,910.00 in attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted.  The Clerk of Court is directed to enter judgment in the amount of $59,346.07, plus pre-judgment interest calculated at a rate of 9% per annum from September 5, 2015 through the date of judgment in this action.  Petitioners' request for $1,910.00 in attorney's fees and costs is granted.  The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:      November 28, 2016
            New York, New York

Ronnie Abrams
United States District Judge